UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9:22-CV-81775-XXXX

PRETZEL LIMITED

    Plaintiff,

v.

PECUNIA BUSINESS DEVELOPMENT LIMITED, and
ALLEY, MAASS, ROGERS & LINDSAY, P.A.

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, PRETZEL LIMITED ("Pretzel") hereby sues PECUNIA BUSINESS DEVELOPMENT ("Pecunia") and ALLEY, MAASS, ROGERS & LINDSAY, P.A. ("Firm") and states as follows:

1. Pretzel is a corporation based in the country of Malta with a principal place of business in Valletta, Malta.

2. Pecunia is a corporation based in the British Virgin Islands with its principal place of business in Tortola, British Virgin Islands.

3. The Firm is a Florida Corporation with its principal place of business in Palm Beach, Florida.

4. Non-party James Redding Ramsay ("Ramsay") is a citizen of Malta.

5. Ramsay is the sole director of Pecunia .

6. Non-party Willingham International Limited ("Wellingham") is a corporation based in the British Virgin Islands with its principal place of business in Tortola, British Virgin Islands.

1

7. Ramsay is the sole director of Wellingham.

8. Non-party Victor Hanna ("Hanna") is a citizen of the United States.

9. Non-party Halimeda Holdings, Inc. ("Halimeda") is a company incorporated under the laws of the Commonwealth of the Bahamas.

10. At all material times, Hanna was a shareholder of Halimeda.

11. From November 11, 2014, through August 31, 2021, Wellingham was a director of Halimeda.

12. At all material times, Halimeda was the sole director of Pretzel.

13. This action involves funds that are being held in the Firm's trust account, pursuant to an escrow agreement dated November 4, 2021 ("Escrow Agreement"). A copy of the Escrow Agreement is attached as **Exhibit 1**.

14. Subject matter jurisdiction is proper in this Court under 28 U.S.C. § 1332 because it involves claims of citizens of a foreign state and a corporation in Palm Beach County, Florida, and the amount in controversy exceeds $75,000.00.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the funds are being held, pursuant to the Escrow Agreement, in the Firm's trust account within the Southern District of Florida, and the Escrow Agreement provides for venue in the Southern District of Florida.

16. This is an action involving funds where the matter in controversy exceeds $75,000.00.

17. Halimeda entered into an agreement to purchase a luxury motor yacht named Element ("Element").

18. Halimeda assigned its rights to purchase Element to Pretzel.

19. In or about late 2013 or early 2014, Pretzel purchased the Element.

20. Element sailed under the flag of the Cayman Islands.

21. On or about April 2, 2014, Pecunia registered a mortgage against Element in the Cayman Islands with Pretzel as the mortgagor and Pecunia as the mortgagee ("Purported Mortgage").

22. At the time of the Purported Mortgage, Ramsay was the sole director of Pecunia .

23. When Element was purchased by Pretzel, Ramsay was the trustee over certain assets in which Hanna was a beneficiary.

24. Ramsay only became trustee over Element in Nov 2014.

25. At the time of the mortgage, the shares in Halimeda were not held by Ramsay, nor was Wellingham the director of Halimeda as the trustee Hanna's assets, and as the sole director of Pecunia , Ramsay orchestrated the execution of the Purported Mortgage and its registration against Element.

26. Ramsay, the trustee for Hanna and his related entities, did not inform Hanna, the beneficiary of the assets that Ramsay was administering and ultimate owner of the Element, of the Purported Mortgage.

27. As a trustee with fiduciary duties owed to Hanna and his related entities, Ramsay should have obtained permission from Hanna to obtain the Purported Mortgage.

28. Hanna did not give Ramsay any authority to register the Purported Mortgage against Element.

29. No funds were loaned by Pecunia to Pretzel for the Purported Mortgage.

30. There was no reason for Ramsay, the trustee for Hanna and his related entities, to register the Purported Mortgage, and Pecunia has to date never provided Hanna with information about how proceeds obtained under the Purported Mortgage were used.

31. As a trustee with fiduciary duties owed to Hanna and his related entities, Ramsay should have disclosed the Purported Mortgage to Hanna.

32. As a trustee with fiduciary duties owed to Hanna and his related entities, Ramsay should have provided Hanna with a full accounting and documents related to the Purported Mortgage.

33. In 2021, Pretzel listed Element for sale.

34. On or about October 8, 2021, Pretzel's lawyers discovered the Purported Mortgage in conjunction with a sale of Element.

35. Hanna was not aware of the purported mortgage until October of 2021.

36. During Pretzel's ownership of the Element, all the expenses and costs for the vessel were ultimately directed to Hanna.

37. Pretzel requested that Pecunia produce documents regarding the purported mortgage, including the original copy of the Purported Mortgage.

38. Pretzel requested that Pecunia produce an accounting of the sums allegedly due under the Purported Mortgage.

39. Despite Pretzel's request, Pecunia refused to provide an accounting of the sums allegedly due under the Purported Mortgage.

40. Pecunia also refused to release the mortgage, which was necessary for Pretzel to sell the Element.

41. In an effort to effectuate the sale of Element, Pretzel, Pecunia, and the Firm entered into the Escrow Agreement.

42. Pursuant to the Escrow Agreement, Pecunia released the charge over the Element so that it could be sold.

43. Schedule 1 to the Escrow Agreement states that the Purported Mortgage "has been lost and cannot now be found."

44. Schedule 1 to the Escrow Agreement further states that Pecunia "received all monies being secured" by the Purported Mortgage, "which is now discharged."

45. The net sales proceeds of €2,100,000.00 (currently $2,100,000.00), were placed in the Firm's trust account.

46. The Firm is to continue to hold the funds pending receipt of final judgment that is not subject to appeal, or upon joint written instructions from Pretzel and Pecunia as to where the funds should be remitted.

47. On or about June 29, 2022, Pretzel brought an action against Pecunia, in the Eastern Caribbean Supreme Court in the High Court of Justice Territory of the Virgin Islands, seeking a declaration that Pecunia has no right or interest in the sums held pursuant to the Escrow Agreement ("BVI Proceedings").

48. In the BVI Proceedings, Pecunia filed a Defense stating the action belonged in the Southern District of Florida pursuant to the Escrow Agreement.

49. On or about November 9, 2022, the BVI Proceedings were closed when Pretzel filed a discontinuance.

50. The Escrow Agreement provides that any dispute arising from the Escrow Agreement shall be brought in the Southern District of Florida.

51. Pretzel brings this action to determine its rights to the funds held pursuant to the Escrow Agreement.

52. Pecunia claims an interest in the funds in the Firm's trust account as a result of the Purported Mortgage.

53. Pecunia and Ramsay, the trustee for Hanna and his related entities, had no authority to place the Purported Mortgage on the Element.

54. Moreover, Pecunia and Ramsay, the trustee for Hanna and his related entities, had no reason in line with the interests of the beneficiary to place the Purported Mortgage over Element, and the proceeds of the Purported Mortgage were not disclosed to Pretzel or Hanna prior to litigation.

55. Moreover, Pecunia and Ramsay, the trustee for Hanna and his related entities, took steps against the interests of the Hanna beneficiary and the whereabouts of those sums obtained from those steps are still unknown.

56. Upon information and belief, Pecunia did not provide any funds or other compensation to Pretzel in relation to the Purported Mortgage.

57. Upon information and belief, at the time of the sale of Element, Ramsay signed a declaration indicating that no funds are owed to Pecunia under the Purported Mortgage and the Purported Mortgage was lost.

58. Upon information and belief, the Purported Mortgage is a sham.

59. As a result of the conflicting positions on the Purported Mortgage, there is a bona fide, actual, present and practical need for this Court to issue a declaration regarding the parties rights to the funds held pursuant to the Escrow Agreement.

60. This action involves a present controversy between the parties over the funds in the Escrow Agreement.

61. Pretzel has retained the undersigned attorneys and has agreed to pay reasonable attorney's fees and costs in determining its rights under the Escrow Agreement.

62. All conditions precedent to maintaining this action have been performed, excused, and/or have been waived.

### **COUNT I – DECLARATORY JUDGMENT**

63. Plaintiff realleges the allegations set forth in paragraphs 1 through 62 above and incorporates them as if fully stated herein.

64. Pretzel states that Pecunia has no rights over the funds being held pursuant to the Escrow Agreement.

65. Pecunia claims an interest in the funds being held pursuant to the Escrow Agreement as a result of the Purported Mortgage.

66. There is a bona fide, actual, present practical need for this Court to enter a declaration as to the validity of the Purported Mortgage and the parties rights to the funds being held pursuant to the Escrow Agreement.

67. Pretzel seeks a declaration of its rights to the funds being held pursuant to the Escrow Agreement, and the relief sought is not merely for legal advice.

WHEREFORE, Plaintiff, PRETZEL LIMITED, requests this Court enter declaratory relief finding:

1) That PRETZEL LIMITED is not bound by the Purported Mortgage;

2) That PECUNIA BUSINESS DEVELOPMENT has no rights to the funds being held pursuant to the Escrow Agreement;

3) That ALLEY, MAASS, ROGERS & LINDSAY, P.A. shall disburse to PRETZEL LIMITED all funds being held pursuant to the Escrow Agreement; and

4) That PRETZEL LIMITED is entitled to its attorney's fees, court costs, and other expenses from PECUNIA BUSINESS DEVELOPMENT incurred in determining its rights under the Escrow Agreement.

Dated November 30, 2022

    Respectfully submitted,

By:/s/ *J. Chris Bristow*
**J. Chris Bristow, Esq.**
Florida Bar No. 068304
**Gregory W. Coleman**
Florida Bar No: 846831
**CRITTON, LUTTIER & COLEMAN, LLP**
*Co-Counsel for Plaintiff, Pretzel Limited*
303 Banyan Blvd., Suite 400
West Palm Beach, FL 33401
Telephone: 561-842-2820
Facsimile:561-844-6929
jcbristow@lawclc.com
gcoleman@lawclc.com
smcdonald@lawclc.com
cwoodward@lawclc.com